1

BLUM | COLLINS LLP
   Steven A. Blum (Bar No. 133208)
   Craig M. Collins (Bar No. 151582)
   Douglas L. Thorpe (Bar No. 43749)
   Gary Ho (Bar No. 229995)
707 Wilshire Blvd., 48th Floor
Los Angeles, California 90017
Telephone:  213.572.0400
Facsimile:  213.572.0401
blum@blumcollins.com
collins@blumcollins.com
dthorpe@thorpelink.com
ho@blumcollins.com

Attorneys for Plaintiffs

FILED

2011 APR -8  P 12: 17

RICHARD W. WIEKING
U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

E-filing

ORIGINAL

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

VIRGINIA THOMAS, GAIL ADAMS,
RODERICK CASEY, SANDRA DEAN,
MARCUS HILL, KIMYA HOGARTH,
DEREK HOVER, LINDA JACKSON,
MICHAEL K. JACKSON, ALICIA LEWIS,
LONDON MCCLOUD, NICOLE MILNE,
SHELLY PARKER, MACHELLE
PROCTER, DEAN SAUDER, MATTHEW
STEPHAN, DESMOND STRASSER-KING,
each individually, and on behalf of all others
similarly situated and the general public,

Plaintiffs,

vs.

HOWREY LLP, a District of Columbia
limited liability partnership, and DOES 1-500,

Defendants.

Case No. CV. 11    1729

CLASS ACTION COMPLAINT FOR EMC

**(1) Violation of the WARN Act (29
U.S.C. § 2101 *et seq.*);**
**(2) Failure to Pay Wages (D.C. Code §§
32-1303 to 32-1308);**
**(3) Failure to Pay Wages (V.A. Code §
40.1-29);**
**(4) Breach of Contract; and**
**(5) Promissory Estoppel**

**DEMAND FOR JURY TRIAL**

Complaint

Plaintiffs Virginia Thomas, Gail Adams, Roderick Casey, Sandra Dean, Marcus Hill, Kimya Hogarth, Derek Hover, Linda Jackson, Michael K. Jackson, Alicia Lewis, London McCloud, Nicole Milne, Shelly Parker, Machelle Procter, Dean Sauder, Matthew Stephan and Desmond Strasser-King on behalf of themselves and all similarly situated persons allege:

## PRELIMINARY STATEMENT

1.      This case arises out of the collapse of Howrey LLP, a now defunct law firm that had its main office in Washington D.C., four substantial offices in California, and smaller offices in Utah, Texas, Illinois, Virginia, and New York. Plaintiffs and the proposed class members are employees of Defendant Howrey LLP and Does 1 through 500, who seek wages that Defendants have failed and refused to pay following the abrupt termination of Plaintiffs' employment.

2.      Through this action, Plaintiffs and other similarly situated employees of Defendants seek recovery of damages in the amount of sixty (60) days pay and ERISA, 401(k) and medical benefits by reason of Defendants' violation of the Plaintiffs' rights under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act"). Plaintiffs were employees of Defendants and were terminated as part of mass layoffs or plant closings ordered by the Defendants. Defendants violated federal, state and District of Columbia law by failing to give Plaintiffs and other similarly situated employees of the Defendants sixty (60) days notice as required by such laws.

3.      Plaintiffs and other similarly situated employees also seek recovery of unpaid wages, including vacation time and promised contributions to their pension plans, as a result of Defendants' failure to pay employees all wages due and owing at the time their employment was terminated.

1

1    4.      Plaintiffs and other similarly situated employees also seek waiting time damages

2    under the statutes of their respective states or district.

3

4    5.      Notwithstanding anything else in this Complaint, Plaintiffs do not currently

5    maintain this action on behalf of any employees entitled to the protection of California Labor

6    Code Sections 203 and 1400, *et seq.* because California law stops the accrual of penalties upon

7    the filing of a lawsuit, but will later seek leave to add such employees as representative

8    plaintiffs and as class members after the 30-day period in Section 203 expires.

9

10                                **THE PARTIES**

11

12   6.      Individual and Representative Plaintiffs Virginia Thomas, Gail Adams, Roderick

13   Casey, Sandra Dean, Marcus Hill, Kimya Hogarth, Derek Hover, Linda Jackson, Michael K.

14   Jackson, Alicia Lewis, London McCloud, Nicole Milne, Shelly Parker, Machelle Procter, Dean

15   Sauder, Matthew Stephan and Desmond Strasser-King are individuals.  Ms. Thomas, Ms.

16   Adams, Mr. Casey, Mr. Dalal, Ms. Dean, Mr. Hill, Mr. Hogarth, Mr. Jackson, Ms. Lewis, Ms.

17   McCloud, Ms. Milne, Ms. Parker, Ms. Procter, Ms. Jackson, Mr. Stephan and Mr. King worked

18   in Defendants' District of Columbia office.  They were employed by Defendants until March

19   31, 2011.  Ms. Thomas worked as an evening coordinator (word processing).  Ms. Adams

20   worked as a senior coordinator of marketing and communications.  Mr. Casey worked as a staff

21   accountant.  Mr. Dalal worked as a senior manager of marketing and communication.  Ms. Dean

22   worked as a legal secretary.  Mr. Hill worked as a facilities assistant.  Ms. Hogarth worked as a

23   marketing coordinator.  Mr. Jackson worked as a conference services attendant.  Ms. Lewis

24   worked as a treasury coordinator.  Ms. McCloud worked as a regional client services manager.

25   Ms. Milne worked as a HR coordinator.  Ms. Parker worked as an executive assistant to the

26   CFO.  Ms. Procter worked as a senior manager of practice support and multimedia.  Ms.

27   Jackson worked as an accounts payable coordinator.  Mr. Stephan worked as a multimedia

28   designer.  Mr. Strasser-King worked as a treasury coordinator.  Mr. Hover and Mr. Sauder

                                      2

1
2
3

worked in Defendants' Virginia office. They were employed by Defendants until March 31, 2011. Mr. Hover worked as a senior network engineer. Mr. Sauder worked as a systems engineer team leader.

4

5
6
7
8
9
10

7.       Plaintiffs are informed and believe and thereon allege that Defendant Howrey LLP is a limited liability partnership organized under the laws of the District of Columbia, that it maintains offices and conducts business in the State of California, including in San Francisco, East Palo Alto, Irvine, and Los Angeles, and that because its partners were spread among several offices, it has no particular principal place of doing business or several principal places of doing business, including San Francisco, California and Washington D.C.

11

12
13
14
15
16
17
18

8.       Defendants Does 1-500, inclusive, are sued herein by these fictitious names. Their true names and capacities are unknown to Plaintiffs. When their true names and capacities are ascertained, Plaintiffs will amend this complaint by inserting their true names and capacities herein. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named defendants is responsible in some manner for the occurrences herein alleged, and that the damages of Plaintiffs and the class members herein alleged were proximately caused by such Defendants.

19
20
21
22
23

9.       Plaintiffs are informed and believe and thereon allege that each of the Defendants herein gave consent to, ratified or authorized the acts alleged herein, and that each of the Defendants knowingly aided, abetted or conspired with the others to commit the acts alleged herein.

24
25
26
27

10.       There exists, and at all times herein mentioned there existed, a unity of interest and ownership between Howrey LLP and Defendant Does 1 through 400, such that any individuality and separateness between them have ceased, and Howrey LLP is the alter ego of Defendant Does 1 through 400. Adherence to the fiction of the separate existence of Howrey

28

LLP as an entity distinct from Defendant Does 1 through 400 would permit an abuse of the corporate privilege and would sanction fraud or promote injustice.

11. Plaintiffs are informed and believe and thereon allege that Howrey LLP has dissolved, and that Defendant Does 1 through 400 are the successors in interest of Howrey LLP.

12. Plaintiffs are informed and believe and thereon allege that Defendant Does 401 through 500 are successors of Defendant Howrey LLP for labor law purposes. Defendant Does 401 through 500 are law firms or other entities that have substantially continued the same business operations of Defendant Howrey LLP, with substantially the same employees working in similar jobs and working conditions, with similar supervisory personnel, using similar methods and offering similar services.

13. Plaintiffs are informed and believe and thereon allege that Defendant Howrey LLP and Does 1-500 herein acted as a "single employer" at all relevant times for purposes of the WARN Act. At all relevant times, Defendant Howrey LLP maintained facilities that qualified for protection under the WARN Act (collectively, the "Facilities").

## JURISDICTION AND VENUE

14. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 as this case is being brought under the WARN Act, 29 U.S.C. § 2101 *et seq.*

15. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

16. Venue is proper in the United States District Court, Northern District of California pursuant to 28 U.S.C. § 1391, because Defendant Howrey LLP resides within this district, and

4

because a substantial part of the events and omissions giving rise to Plaintiffs' claims occurred in this District.

17.     JURISDICTIONAL STATEMENT REQUIRED BY L.R. 3-5. Under L.R. 3-2(c), this civil action arose in the County of San Francisco and is therefore properly assigned to either the Oakland or San Francisco division of this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

18.     On or about March 15, 2011, Defendant Howrey LLP announced that it was dissolving its partnership. On that day it informed Plaintiffs and substantially all other employees that their final day of employment would be May 13, 2011.

19.     Plaintiffs are informed and believe and thereon allege that on March 9, 2011, Robert Green, an equity partner of Howrey LLP, announced that the $3.2 million contribution that the partnership was required to make to the firm's profit sharing plan by April 15, 2011 was "safe" and would be made as required. As of the date of the filing of this complaint, Howrey LLP has not paid any portion of this required contribution to the profit sharing plan.

20.     Plaintiffs are informed and believe and thereon allege that Howrey LLP has a self-insured medical benefit plan under which the partnership is required to contribute approximately $1 million per month to the plan, which is operated by CIGNA. Howrey LLP stopped making such contributions to CIGNA starting as early as March 15, 2011. As a result, CIGNA has stopped or likely will soon stop paying for medical services provided to Plaintiffs and other Class Members under Howrey LLP's medical benefit plan.

21.     On or about March 31, 2011, Defendants terminated the employment of Plaintiffs and hundreds of other employees in all of Defendant Howrey LLP's integrated offices.

5

1    22.    Defendant Howrey LLP maintains retirement plans that apply to all of its United

2    States employees.  Through these retirement plans, Plaintiffs and other employees accrued

3    retirement benefits as they worked for Defendant Howrey LLP.

4

5    23.    Defendant Howrey LLP maintains a vacation policy that applies to all of its

6    United States employees.  Through that vacation policy, Plaintiffs and other employees accrued

7    vacation as they worked for Defendant Howrey LLP.

8

9    24.    Plaintiffs are informed and believe and thereon allege that starting approximately

10   March 31, 2011, Defendant Howrey LLP failed and refused to pay all employees, including

11   Plaintiffs, for their accrued and unused vacation at the time of employment termination, as well

12   as promised contributions to their retirement plans.

13

14   25.    Plaintiffs had vacation time available to them when their employments were

15   terminated on March 31, 2011, and were entitled to contributions to their retirement plans.

16   Defendant Howrey LLP has not paid them for this vacation time or retirement plan

     contributions.

17

18   **CLASS ACTION ALLEGATIONS UNDER 29 U.S.C. § 2104 (WARN ACT)**

19

20   26.    Plaintiffs and those they seek to represent herein were discharged without cause

21   on their part on or about March 31, 2011, as the reasonably foreseeable consequence of the

22   mass layoff or plant closing ordered by Defendants, and are "affected employees" within the

23   meaning in 29 U.S.C. §2101(a)(5).

24

25   27.    Plaintiffs bring this action on their own behalf, pursuant to the WARN Act, and

26   on behalf of all other similarly situated employees and former employees whose employment

27   was terminated on or about March 31, 2011.

28

6

1      28.     During the 30 days starting March 31, 2011, Defendants terminated Plaintiffs'

2  employment as part of a mass layoff or plant closing as defined by 29 U.S.C. § 2101(a)(2), (3)

3  for which Plaintiffs were entitled to receive sixty (60) days advance written notice under the

4  WARN Act.

5

6      29.     Defendants, as a single employer, did not give Plaintiffs the statutorily required

7  sixty (60) days notice of the mass layoff or termination in violation of the WARN Act.

8

9      30.     Plaintiffs are informed and believe and thereon allege that at or about the time

10  they were discharged, on or after March 31, 2011, Defendants discharged many other

11  employees at the Facilities (the "Other Similarly Situated Former Employees").

12

13      31.     Pursuant to 29 U.S.C. § 2104(a)(5), Plaintiffs maintain this claim on behalf of

14  themselves and each of the Other Similarly Situated Former Employees.

15

16      32.     Each of the Other Similarly Situated Former Employees is similarly situated to

17  Plaintiffs in respect to his or her rights under the WARN Act, in that, *inter alia*:

18         a.     Plaintiffs and the Other Similarly Situated Former Employees were

19         discharged by Defendants without cause on their part.

20

21         b.     Plaintiffs and the Other Similarly Situated Former Employees are "affected

22         employee(s)" within the meaning of the WARN Act 29 U.S.C. § 2101(a)(5).

23

24         c.     Defendants was required by the WARN Act to give Plaintiffs and the

25         Other Similarly Situated Former Employees at least sixty (60) days advance

26         written notice of their respective terminations.

27

28

7

1    d.    Prior to their termination, neither Plaintiffs nor the Other Similarly

2         Situated Former Employees received written notice that complied with the

3         requirements of the WARN Act.

4

5    e.    Defendants failed to pay Plaintiffs and the Other Similarly Situated

6         Former Employees their respective wages, salary, commissions, bonuses, accrued

7         holiday, sabbatical, and vacation pay for sixty (60) calendar days following notice

8         of their terminations, and provide them with health insurance coverage and other

9         employee benefits under ERISA for sixty (60) calendar days from and after notice

10        of their respective terminations.

11

12   f.    Defendants failed and refused to pay vested retirement plan benefits and

13        contributions, including, but not limited to, benefits and contributions that were

14        scheduled to be paid on April 15, 2011 for employees who were employed by

15        Howrey LLP on or before December 31, 2010.

16

17                   **WARN ACT CLASS ACTION ALLEGATIONS UNDER RULE 23**

18   33.   Plaintiffs sue under Rules 23(a), (b)(1) and (b)(3) of the Federal Rules of Civil

19   Procedure on behalf of the following Proposed Class:

20

21        Federal WARN Class: All persons employed at any of Defendants'

22        facilities that employed at least 50 people who are "affected

23        employees" within the meaning of 29 U.S.C. § 2101(a)(5) and who

24        (1) were involuntarily terminated without cause on their part from a

25        facility at which Defendants ordered a mass layoff or plant closing

26        (as those terms are defined in the Federal WARN Act) on or about

27        March 31, 2011; or (2) were involuntarily terminated without cause

28

                                    8

                                                              Complaint

1      on their part as the reasonably foreseeable consequence of a mass

2      layoff or plant closing (as those terms are defined in the Federal

3      WARN Act) ordered by Defendants on or about March 15, 2011.

4      Excluded from this Class are all individuals who, 60 or more days

5      prior to their date of termination, received notice that their

6      employment would terminate.

7

8      34.     Numerosity: The Proposed Class is so numerous that joinder of all members is

9      impracticable. Plaintiffs are informed and believe and thereon allege that over 50 people (and

10     possibly hundreds) satisfy the definition of the Proposed Class.

11

12     35.     Typicality: The Plaintiffs' claims are typical of the members of the Proposed

13     Class. Plaintiffs, and proposed class members, were involuntarily terminated by Defendants

14     without proper notice under the WARN Act.

15

16     36.     Superiority: A class action is superior to other available methods for the fair and

17     efficient adjudication of the controversy, especially in the context of WARN Act litigation,

18     which necessarily involves a single decision or set of decisions that affects the rights of at least

19     50 employees.

20

21     37.     Adequacy: Plaintiffs will fairly and adequately protect the interests of the

22     Proposed Class, and have retained Steven A. Blum and Craig Collins of Blum Collins, LLP as

23     counsel, who are experienced in representing employees in complex class litigation. For

24     example, Messrs. Blum and Collins were lead class counsel in WARN Act certified class

25     actions against the now-defunct AmLaw 100 law firms of Heller Ehrman LLP and Thelen LLP.

       In the Heller Ehrman class action, Messrs. Blum and Collins secured approximately $20 million

26     in potential recovery for the class members. The Thelen class action is still pending. In those

27

28
_____9_____

Complaint

1  cases, as here, Messrs. Blum and Collins were assisted by Douglas Thorpe, a former managing

2  partner of another AmLaw 100 firm, Perkins Coie LLP.

3

4  38.     Commonality: Common questions of law and fact exist to all members of the

5  Proposed Class and predominate over any questions solely affecting individual members of the

6  Proposed Class, including but not limited to whether:

7

8          a.      Defendants were covered employers under the WARN Act;

9

10         b.      all class members were protected under the WARN Act;

11

12         c.      all class members' employment locations were covered facilities under the

13  WARN Act;

14

15         d.      Defendants acted as a single employer in terminating class members'

16  employment;

17

18         e.      Defendants gave at least sixty (60) days advance written notice to the class

19  members, as required by the WARN Act;

20

21         f.      Defendants failed to pay the class members wages and to provide other

22  employee benefits for the 60-day period following their respective terminations;

23

24         g.      Defendants failed to pay the class members their vested retirement benefits

25  and contributions.

26  39.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because

27  prosecution of actions by or against individual members of the Proposed Class may result in

28

_____10_____

Complaint

1   inconsistent or varying adjudications and create the risk of incompatible standards of conduct

2   for Defendants.

3

4       40.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

5   questions of law and fact common to the Proposed Class predominate over any questions

6   affecting only individual members of the Proposed Class, and because a class action is superior

7   to other available methods for the fair and efficient adjudication of this litigation. Litigation of

8   these claims in one forum is efficient, especially in the context of WARN Act litigation, which

9   necessarily involves a single decision or set of decisions that affects the rights of over 50 (and

10  potentially hundreds) of employees. In addition, class certification is superior because it will

11  avoid the need for unduly duplicative litigation that might result in inconsistent judgments

12  about Defendants' practices.

13

14      41.     Plaintiffs intend to send notice to all members of the Proposed Class to the extent

15  required by Rule 23. The names and addresses of members of the Proposed Class are available

16  from Defendants.

17

18      **ACCRUED COMPENSATION AND BENEFIT CLASS ACTION ALLEGATIONS**

19

20      42.     Plaintiffs sue under Rules 23(a), (b)(1), and (b)(3) of the Federal Rules of Civil

21  Procedure on behalf of the following proposed Subclasses:

22

23          District of Columbia Accrued Compensation and Benefit Subclass:

24          All former employees of Defendants in the District of Columbia

25          whose employment with Defendants ended on or after March 31,

26          2011, and who had accrued compensation, accrued but unused

27          vacation time and accrued retirement plan benefits at the time of

28                                          11

Complaint

1    their termination for which Defendants did not fully compensate

2    such employees.

3

4    Virginia Accrued Compensation and Benefit Subclass:  All former

5    employees of Defendants in the State of Virginia whose employment

6    with Defendants ended on or after March 31, 2011, and who had

7    accrued compensation, accrued but unused vacation time and

8    accrued retirement plan benefits at the time of their termination for

9    which Defendants did not fully compensate such employees.

10

11    43.    Numerosity: The Proposed Accrued Compensation and Benefit Subclasses are so

12    numerous that joinder of all members is impracticable. Plaintiffs are informed and believe and

13    thereon allege that at least 50 and potentially hundreds of people satisfy the definition of the

14    Proposed Accrued Compensation and Benefit Subclasses.

15

16    44.    Typicality: The Plaintiffs' claims are typical of the members of the Proposed

17    Accrued Compensation and Benefit Subclasses. Plaintiffs are informed and believe and thereon

18    allege that Defendant Howrey LLP uniformly failed to pay accrued compensation and benefits

19    to individuals whose employment with Defendant Howrey LLP ended on or after March 31,

20    2011.

21

22    45.    Superiority: A class action is superior to other available methods for the fair and

23    efficient adjudication of the controversy here, where Defendants have failed to pay accrued

24    compensation and benefits to at least 50 and potentially hundreds of employees, and

25    Defendants' dissolution may shrink the assets available to pay employees.

26    46.    Adequacy: Plaintiffs will fairly and adequately protect the interests of the

27    Proposed Class, and have retained Steven A. Blum and Craig Collins of Blum Collins, LLP as

28    _____12_____

Complaint

1    counsel, who are experienced in representing employees in complex class litigation. For

2    example, Messrs. Blum and Collins were lead class counsel in WARN Act certified class

3    actions against the now-defunct AmLaw 100 law firms of Heller Ehrman LLP and Thelen LLP.

4    In the Heller Ehrman class action, Messrs. Blum and Collins secured approximately $20 million

5    in potential recovery for the class members. The Thelen class action is still pending. In those

6    cases, as here, Messrs. Blum and Collins were assisted by Douglas Thorpe, a former managing

7    partner of another AmLaw 100 firm, Perkins Coie LLP.

9    47.    Commonality: Common questions of law and fact exist to all members of the

10   Proposed Accrued Compensation and Benefit Subclasses and predominate over any questions

11   solely affecting individual members of the Proposed Accrued Compensation and Benefit

12   Subclasses, including but not limited to whether:

14       a.    Defendants uniformly and unlawfully failed to pay accrued compensation

15   to subclass members;

16       b.    Defendants maintained a policy of providing vacation to subclass

17   members;

19       c.    Defendants' vacation policy required that Defendants pay subclass

20   members for their unused vacation at the time of termination;

22       d.    Defendants uniformly and unlawfully failed to pay vacation time to

23   subclass members;

25       e.    Defendants maintained retirement plans that apply to subclass members;

26   and

28   _____13_____

Complaint

1            f.      Defendants uniformly and unlawfully failed to pay accrued retirement

2            benefits to subclass members.

3

4    48.     This case is maintainable as a class action under Fed. R. Civ. P. 23(b)(1) because

5    prosecution of actions by or against individual members of the class may result in inconsistent

6    or varying adjudications and create the risk of incompatible standards of conduct for

7    Defendants.

8

9    49.     Class certification is also appropriate under Fed. R. Civ. P. 23(b)(3) because

10   questions of law and fact common to the Proposed Subclasses predominate over any questions

11   affecting only individual members of the Proposed Subclasses, and because a class action is

12   superior to other available methods for the fair and efficient adjudication of this litigation.

13   Defendants' vacation policy applied to all Subclass Members. Defendants uniformly failed to

14   pay unused vacation time to all Subclass Members. In addition, class certification is superior

15   because it will obviate the need for unduly duplicative litigation that might result in inconsistent

     judgments about Defendants' practices.

16

17   50.     Plaintiffs intend to send notice to all members of the Proposed Subclasses to the

18   extent required by Rule 23. The names and addresses of members of the Proposed Subclasses

19   are available from Defendants.

20

21   **FIRST CLAIM FOR RELIEF FOR**

22   **VIOLATION OF THE WARN ACT**

23   **(Against All Defendants)**

24

25   51.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

26

27

28
     _____14_____

52.     The Defendants employed more than 100 employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

53.     The Defendants was an "employer" as that term is defined in 29 U.S.C. § 2101(a)(1) and 20 C.F.R. § 639.3(a) and continued to operate as a business until deciding to order a mass layoff or plant closing at the Facilities.

54.     The Defendants constituted a "single employer" of Plaintiffs and Federal WARN Class members under the WARN Act.

55.     On or about March 15, 2011 the Defendants ordered a "mass layoff" or "plant closing" of the Facilities, as those terms are defined in 29 U.S.C. § 2101(a)(2),(3).

56.     Plaintiffs are informed and believe and thereon allege that the mass layoff or plant closing at the Facilities resulted in "employment losses," as that term is defined by 29 U.S.C. § 2101(a)(2) for at least 50 of Defendants' employees as well as 33% of Defendants' workforce at each of the Facilities, excluding part-time employees as that term is defined by 29 U.S.C. § 2101(a)(8).

57.     Plaintiffs and each of the other members of the Federal WARN Class were discharged by Defendants without cause on their part, as part of or as the reasonably foreseeable result of the mass layoff or plant closing ordered by Defendants at the Facilities.

58.     Plaintiffs and the other members of the Federal WARN Class are "affected employees" of Defendants within the meaning of 29 U.S.C. §2101(a)(5).

59.     Defendants failed to give Plaintiffs and other members of the Federal WARN Class written notice that complied with the requirements of the WARN Act.

15

Complaint

60.     Plaintiffs and each of the other members of the Federal WARN Class are "aggrieved employees" of the Defendants as that term is defined in 29 U.S.C. §2104(a)(7).

61.     Defendants failed to pay Plaintiffs and each of the other members of the Federal WARN Class their respective wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation pay for 60 days following notice of their terminations and failed to provide employee benefits under ERISA and pay accrued retirement benefits, for 60 days following notice of their respective terminations.  Defendants are also liable to Plaintiffs for their reasonable attorneys fees under 29 U.S.C. § 2104.

## SECOND CLAIM FOR RELIEF
## VIOLATION OF DISTRICT OF COLUMBIA LABOR LAW
### (Against All Defendants)

62.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

63.     Plaintiffs Ms. Thomas, Ms. Adams, Mr. Casey, Mr. Dalal, Ms. Dean, Mr. Hill, Mr. Hogarth, Mr. Jackson, Ms. Lewis, Ms. McCloud, Ms. Milne, Ms. Parker, Ms. Procter, Ms. Jackson, Mr. Stephan and Mr. King (collectively, the "D.C. Plaintiffs"), the District of Columbia Plaintiff Class Members, and the District of Columbia Accrued Compensation and Benefit Subclass Members have been terminated, or have resigned, from their positions with Defendants.  Defendants, however, willfully failed to pay such Class Members all wages owed them, including vacation time, sabbatical, severance pay, and accrued retirement benefits.  Defendants' conduct violates District of Columbia Code § 32-1303 which requires that, when employment is terminated, the employer shall pay the wages not later than the working day following such discharge.

16

64.     Under District of Columbia Code § 32-1303(4), the D.C. Plaintiffs, the District of Columbia Plaintiff Class Members, and the District of Columbia Accrued Compensation and Benefit Subclass Members are entitled to twice the amount of wages unlawfully withheld for Defendants' failure to timely pay all wages owed upon separation of their employment.

65.     Under District of Columbia Code § 32-1308, an action by an employee to recover unpaid wages and liquidated damages may be maintained in any court of competent jurisdiction by any one or more employees for and on behalf of herself or themselves and other employees similarly situated.

66.     Under District of Columbia Code § 32-1308(b), in addition to any judgment awarded to the plaintiff or plaintiffs, the court may allow costs of the action, including costs or fees of any nature, and reasonable attorney's fees, to be paid by the defendant.

## THIRD CLAIM FOR RELIEF

## VIOLATION OF VIRGINIA LABOR LAW

### (Against All Defendants)

67.     Plaintiffs allege and incorporate by reference the allegations in the preceding paragraphs.

68.     Plaintiffs Mr. Hover and Mr. Sauder, the Virginia Plaintiff Class Members, and the Virginia Accrued Compensation and Benefit Subclass Members have been terminated, or have resigned, from their positions with Defendants. Defendants, however, willfully failed to pay such Class Members all wages owed them, including vacation time, sabbatical, severance pay, and accrued retirement benefits. Defendants' conduct violates Code of Virginia § 40.1-29 which requires that, when employment is terminated, the employer shall pay all wages due on or

17

1    before the date on which the employee would have been paid for such work had his or her

2    employment not been terminated.

3

4    69.     Under subdivision (G) of Code of Virginia § 40.1-29, in addition to being subject

5    to any other penalty provided by law, any employer who fails to make payment of wages in

6    accordance with this section shall be liable for the payment of all wages due, plus interest at an

7    annual rate of eight percent accruing from the date the wages are due.

8

9                        **FOURTH CLAIM FOR RELIEF FOR**

10    **BREACH OF CONTRACT AS TO THE DISTRICT OF COLUMBIA ACCRUED**

11    **COMPENSATION AND BENEFIT SUBCLASS AND VIRGINIA ACCRUED**

12             **COMPENSATION AND BENEFIT SUBCLASS**

13                        **(Against All Defendants)**

14

15    70.     Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

16

17    71.     A contract, oral and written, express and implied, existed between Members of the

18    District of Columbia Accrued Compensation and Benefit Subclass (including Plaintiffs Ms.

19    Thomas, Ms. Adams, Mr. Casey, Mr. Dalal, Ms. Dean, Mr. Hill, Mr. Hogarth, Mr. Jackson, Ms.

20    Lewis, Ms. McCloud, Ms. Milne, Ms. Parker, Ms. Procter, Ms. Jackson, Mr. Stephan, and Mr.

     King) and Defendants.

21

22

23    72.     A contract, oral and written, express and implied, existed between Members of the

     Virginia Accrued Compensation and Benefit Subclass (including Plaintiffs Mr. Hover and Mr.

24    Sauder) and Defendants.

25

26    73.     By those contracts, Defendants was required to pay employees all accrued

27    vacation time, including sabbatical leave, at the termination of employment.

28

                              18

1    74.    By those contracts, Defendants was required to pay employees all accrued but

2    unpaid compensation (including, but not limited to, commissions or bonuses), accrued but

3    unpaid retirement benefits, and accrued but unpaid employees benefits under ERISA, at the

4    termination of employment.

5

6    75.    Defendants violated that contract by failing to pay accrued compensation and

7    benefits to Plaintiffs Ms. Thomas, Ms. Adams, Mr. Casey, Mr. Dalal, Ms. Dean, Mr. Hill, Mr.

8    Hogarth, Mr. Jackson, Ms. Lewis, Ms. McCloud, Ms. Milne, Ms. Parker, Ms. Procter, Ms.

9    Jackson, Mr. Stephan, Mr. King, Mr. Hover, Mr. Sauder, and to Members of the District of

10   Columbia Accrued Compensation and Benefit Subclass and the Virginia Accrued

11   Compensation and Benefit Subclass.

12

13   76.    As a result of Defendants' breach of contract, Plaintiffs Ms. Thomas, Ms. Adams,

14   Mr. Casey, Mr. Dalal, Ms. Dean, Mr. Hill, Mr. Hogarth, Mr. Jackson, Ms. Lewis, Ms.

15   McCloud, Ms. Milne, Ms. Parker, Ms. Procter, Ms. Jackson, Mr. Stephan, Mr. King, Mr.

16   Hover, Mr. Sauder, the District of Columbia Accrued Compensation and Benefit Subclass

17   Members, and the Virginia Accrued Compensation and Benefit Subclass Members suffered

18   damages in the amount of their accrued but unpaid compensation, accrued but unpaid vacation

19   and sabbatical time, and accrued but unpaid retirement and employee benefits, to be determined

     at trial.

20

21                          **FIFTH CLAIM FOR RELIEF FOR**

22   **PROMISSORY ESTOPPEL AS TO DISTRICT OF COLUMBIA ACCRUED**

23   **COMPENSATION AND BENEFIT SUBCLASS AND VIRIGINA ACCRUED**

24                  **COMPENSATION AND BENEFIT SUBCLASS**

25                          **(Against All Defendants)**

26

27   77.    Plaintiffs incorporate by reference the allegations in the preceding paragraphs.

28   _____19_____

78.     Defendants reasonably expected to and did induce Plaintiffs Ms. Thomas, Ms. Adams, Mr. Casey, Mr. Dalal, Ms. Dean, Mr. Hill, Mr. Hogarth, Mr. Jackson, Ms. Lewis, Ms. McCloud, Ms. Milne, Ms. Parker, Ms. Procter, Ms. Jackson, Mr. Stephan, Mr. King, Mr. Hover, Mr. Sauder, the District of Columbia Accrued Compensation and Benefit Subclass Members, and the Virginia Accrued Compensation and Benefit Subclass Members to rely on promises relating to the payment of accrued but unpaid compensation, accrued but unused vacation and sabbatical time, and accrued but unpaid retirement and employee benefits.

79.     Plaintiffs Ms. Thomas, Ms. Adams, Mr. Casey, Mr. Dalal, Ms. Dean, Mr. Hill, Mr. Hogarth, Mr. Jackson, Ms. Lewis, Ms. McCloud, Ms. Milne, Ms. Parker, Ms. Procter, Ms. Jackson, Mr. Stephan, Mr. King, Mr. Hover, Mr. Sauder, the District of Columbia Accrued Compensation and Benefit Subclass Members, and the Virginia Accrued Compensation and Benefit Subclass Members reasonably relied to their detriment on promises and representations made to them by Defendants relating to the payment for accrued but unpaid compensation, accrued but unused vacation and sabbatical time, and accrued but unpaid retirement and employee benefits.

80.     Defendants have refused to honor the promises made to Plaintiffs Ms. Thomas, Ms. Adams, Mr. Casey, Mr. Dalal, Ms. Dean, Mr. Hill, Mr. Hogarth, Mr. Jackson, Ms. Lewis, Ms. McCloud, Ms. Milne, Ms. Parker, Ms. Procter, Ms. Jackson, Mr. Stephan, Mr. King, Mr. Hover, Mr. Sauder, the District of Columbia Accrued Compensation and Benefit Subclass Members, and the Virginia Accrued Compensation and Benefit Subclass Members.

81.     As a result, Plaintiffs Ms. Thomas, Ms. Adams, Mr. Casey, Mr. Dalal, Ms. Dean, Mr. Hill, Mr. Hogarth, Mr. Jackson, Ms. Lewis, Ms. McCloud, Ms. Milne, Ms. Parker, Ms. Procter, Ms. Jackson, Mr. Stephan, Mr. King, Mr. Hover, Mr. Sauder, the District of Columbia Accrued Compensation and Benefit Subclass Members, and the Virginia Accrued Compensation and Benefit Subclass Members are entitled to an award in equity in the amount

Complaint

1    of their accrued but unpaid compensation, accrued but unpaid vacation and sabbatical time, and

2    accrued but unpaid retirement and employee benefits, to be determined at trial.

3

4                              **PRAYER FOR RELIEF**

5

6    82.      WHEREFORE, Plaintiffs, on behalf of themselves and all members of the

7    Proposed Class and Subclasses, pray for relief as follows:

8

9            A.      That the Court determine that this action may be maintained as a class

10           action under Federal Rule of Civil Procedure 23;

11

12           B.      That Defendants is found to have violated the provisions of the WARN

13           Act as to Plaintiffs and the WARN Class;

14

15           C.      That Defendants are found to have violated District of Columbia Code

16           § 32-1303 requiring payment of wages upon termination, and that under District

17           of Columbia Code § 32-1303(4) the Defendants must pay twice the amount of

18           wages unlawfully withheld, together with costs of suit and a reasonable sum for

19           attorney fees, to Plaintiffs Ms. Thomas, Ms. Adams, Mr. Casey, Mr. Dalal, Ms.

20           Dean, Mr. Hill, Mr. Hogarth, Mr. Jackson, Ms. Lewis, Ms. McCloud, Ms. Milne,

21           Ms. Parker, Ms. Procter, Ms. Jackson, Mr. Stephan, Mr. King, and members of

             the District of Columbia Plaintiff Class;

22

23           D.      That Defendants are found to have violated Virginia labor law, and that

24           under Code of Virginia § 40.1-29, Plaintiffs Mr. Hover and Mr. Sauder and the

25           Virginia Plaintiff Class Members are entitled to unpaid wages and benefits, and

26           interest at an annual rate of eight percent on all unpaid wages and benefits

27           accruing from the date the wages and benefits were due;

28

E.      That Defendants are found to have breached a contract with District of

Columbia Accrued Compensation and Benefit Subclass Members and Virginia

Accrued Compensation and Benefit Subclass Members by failing to pay accrued

but unpaid compensation, accrued but unpaid vacation and sabbatical time, and

accrued but unpaid retirement and employee benefits at the time of termination,

and that Defendants must pay damages;

F.      For an award, of damages or in equity, in the amount of unpaid

compensation, vacation and benefits owed to members of the District of Columbia

Accrued Compensation and Benefit Subclass and the Virginia Accrued

Compensation and Benefit Subclass;

G.      For an award to Plaintiffs and all class members for the amount of all

unpaid wages, compensation and benefits owed, including interest thereon, and

penalties subject to proof at trial;

H.      An award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §

2104, District of Columbia Code § 32-1308, and/or other applicable law and other

applicable law; and

I.      For such other and further relief, in law or equity, as this Court may deem

appropriate and just.

Complaint

1  Dated: April 7, 2011                          BLUM | COLLINS LLP
2                                                 Steven A. Blum
                                                  Craig M. Collins
3                                                 Douglas L. Thorpe
                                                  Gary Ho
4

5

6

7                                                 By _Steven A. Blum_

8                                                 Steven A. Blum
                                                  Attorneys for Plaintiffs
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                                        23

1

**DEMAND FOR JURY TRIAL**

2

3          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure and the Seventh

4   Amendment of the United States Constitution, Plaintiffs, individually and on behalf of all others

5   similarly situated, demand a trial by jury.

6

7

8

9   Dated: April 7, 2011                          BLUM | COLLINS LLP
                                                   Steven A. Blum
10                                                 Craig M. Collins
                                                   Douglas L. Thorpe
11                                                 Gary Ho

12

13

14                                                 *Steven A. Blum*

15                                           By

16                                                 Steven A. Blum
                                                   Attorneys for Plaintiffs
17

18

19

20

21

22

23

24

25

26

27

28
                                          24