Craig M. Collins (Bar No. 151582)
Blum Collins, LLP
707 Wilshire Blvd, Ste 4880
Los Angeles, CA 90017
Telephone: 213.572.0400
Facsimile: 213.572.0401
E-Mail: collins@blumcollins.com

Attorneys for Plaintiffs
VIRGINIA THOMAS, ET AL.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGINIA THOMAS, GAIL ADAMS, RODERICK CASEY, SANDRA DEAN, MARCUS HILL, KIMYA HOGARTH, DEREK HOVER, LINDA JACKSON, MICHAEL K. JACKSON, ALICIA LEWIS, LONDON MCCLOUD, NICOLE MILNE, SHELLY PARKER, MACHELLE PROCTER, DEAN SAUDER, MATTHEW STEPHAN, DESMOND STRASSER-KING, each individually and on behalf of all others similarly situated and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>HOWREY LLP, a District of Columbia limited liability partnership, and DOES 1-500,<br><br>Defendants. | Case No. CV 11-01729 EMC<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Date:    June 11, 2024<br>Time:    2:30 p.m.<br>Dept.:   Courtroom 5, 17th Floor |

    Plaintiffs, Virginia Thomas, et al. ("Thomas"), and Defendant Howrey LLP, by and through their counsel, hereby submit this joint case management statement after counsel met and conferred on the morning of June 11, 2024.

---

CASE MANAGEMENT STATEMENT

The Defendant is in bankruptcy in the United States Bankruptcy Court, Northern District of California (*In re Howrey, LLP*, Case No. 11-31376-DM). Allan Diamond is the Chapter 7 Trustee in the bankruptcy case. This case remains stayed by the automatic stay in bankruptcy.

The status of the bankruptcy is explained in a February 26, 2024 letter from Mr. Diamond and Stephen T. Loden to Christina Goebelsmann, the Assistant United States Trustee assigned to this case. This letter (attached) summarizes the status of the bankruptcy case and explains why it remains open.

In light of the bankruptcy stay and the unlikelihood that the bankruptcy stay will be lifted before 2025, Plaintiff asks the Court to stay this Case Management Conference and reschedule it to a date after the bankruptcy stay has lifted or an alternative date selected by the Court (i.e., sometime in July 2025, because the Belgian litigation discussed in the attached letter is not expected to conclude until late 2025).

FOR PLAINTIFF VIRGINIA THOMAS, ET AL.

Dated: June 11, 2024                By /s/Craig M. Collins
                                       Craig M. Collins
                                       Blum Collins, LLP

**DIAMOND McCARTHY** LLP
Attorneys & Counselors

909 Fannin Street | 37th Floor | Houston, TX 77010 | Phone: 713.333.5100

Writer's Direct Dial Number
(713) 333-5110

Stephen T. Loden
E-Mail Address
sloden@diamondmccarthy.com

February 26, 2024

Ms. Christina Goebelsmann                **Via Email:** christina.goebelsmann@usdoj.gov
Assistant United States Trustee
450 Golden Gate Ave, Suite 05-0153
San Francisco, CA 94102

      Re:    *In re Howrey LLP*; Case No. 11-31376 currently pending in the United States Bankruptcy Court for the Northern District of California

Dear Ms. Goebelsmann:

I am counsel to Allan B. Diamond, chapter 7 trustee for the Howrey LLP chapter 7 estate (the "Trustee") in the above-referenced case (the "Howrey Case"). I am writing in response to your correspondence to the Trustee dated February 13, 2024, in which you asked the following questions concerning the current status of the Howrey Case:

1. **Anticipated date of filing a TFR/TDR:**

The Trustee has completed all asset sales, and he has liquidated virtually all estate assets. Ordinarily, under those circumstances the Trustee would be close to submitting his Final Report and Distribution Report and seeking closure of the Howrey Case. However, there are a few remaining potential assets still in litigation that is delaying final closure of the Howrey Case. Specifically, and most importantly, a former Belgian client ("Mr. Beattie") sued Howrey LLP in Belgium in 2010, prior to the Howrey Chapter 11 filing in 2011 asserting various malpractice claims. This was a pre-petition claim against the Howrey estate but involves a Howrey insurance asset more fully described below. That case finally was dismissed by the Belgium trial court on April 3, 2019, and Mr. Beattie appealed that dismissal to the intermediate Belgian Court of Appeals in Brussels (the "Intermediate Appeal"). In May 2023 (4 years after the trial court dismissed Mr. Beattie's claims), the Belgian Court of Appeals denied the Intermediate Appeal, thereby affirming the lower court's dismissal of Mr. Beattie's claims. In October 2023, Mr. Beattie perfected an appeal to the Belgian Supreme Court (the "Supreme Court Appeal"). The Trustee's Belgian counsel now advises that it is unlikely that the Belgian Supreme Court will finally resolve the Supreme Court Appeal for at least two years, thus suggesting that a final resolution may not be realized until the end of 2025, at the earliest.

**DIAMOND MCCARTHY LLP**
February 26, 2024
Page 2

As we have explained in our prior correspondence as well as in filings with the Bankruptcy Court, Howrey LLP's pre-petition malpractice carrier was Attorneys' Liability Society ("ALAS"). Howrey's insured status under the ALAS policy, among other things, provides for Howrey's "equity interest" in ALAS. As such, the Trustee already has liquidated during this estate the value of Howrey LLP's equity interest in ALAS *except* for approximately $1,500,000.00 that ALAS continues to hold unless and until Mr. Beattie litigation in Belgium, including the Supreme Court Appeal, is fully resolved (some of that $1.5mm is being used in connection with the defense of the Howrey estate in Belgium to the claims.) If and when the Beattie malpractice case is finally dismissed or otherwise resolved, whatever amount of funds remaining on deposit with ALAS to which the Howrey estate has an equity interest would be distributed back to the Trustee on behalf of the Howrey estate.

In addition, the Belgium Liquidator appointed by the Belgium Court to oversee and liquidate the assets of Howrey Belgium, has advised the Trustee that subject to the final resolution of the Beattie litigation claim, he is currently holding additional funds in the approximate amount of EUR 1,772,127.02 that could or should be available for remittance back to the Trustee as part of the U.S. Howrey LLP Chapter 7 estate.

Finally, the Howrey estate has an interest in a U.S. based contingency fee case called Agnotti & Reilly that is ongoing and, as yet, unresolved. This is another asset that subject to litigation success would provide additional funds to the Howrey estate.

All of the foregoing unliquidated assets of the Howrey estate (outside the control of the Trustee) would, if and when monetized, likely result in further distributions to creditors of the estate, including certain unsecured priority classes. As such, the Trustee believes that it is necessary to keep the Howrey Case open until all of these litigation matters can be finally concluded and a determination can be made as to any final distribution to creditors of the Chapter 7 estate.

**2.      Nature and status of pending litigations, sales and appeals:**

See response to Question No. 1, above.

**DIAMOND MCCARTHY LLP**
February 26, 2024
Page 3

3. **If there is pending litigation, has the trustee retained counsel? If the trustee has retained special litigation counsel, please provide date of last communication and case update from counsel:**

   The Trustee is represented in the Beattie Appeal by Denis Philippe of the Philippe & Partners law firm in Brussels, Belgium. Mr. Philippe last provided an update on the Beattie Appeal in February 2024. As discussed above, Mr. Philippe reports that the Belgian Supreme Court is not anticipated to issue a decision in the Supreme Court Appeal until late 2025 (approximately two years after the appeal was perfected by Mr. Beattie).

4. **Date of last Case Status Hearing/Report to the court:**

   The most recent case status report was the Trustee's Third Interim Report, which was filed at Docket No. 2192 on March 25, 2015. While not required by any rules, the Trustee will prepare and file a Fourth Interim Report if requested by your office to do so. Please contact the undersigned if you would like for such a report to be filed.

5. **Date of last fee request:**

   The most recent fee applications for the Trustee's retained professionals were filed in February 2024. The Bankruptcy Court hearings on those applications is scheduled for March 22, 2024.

   To reduce the costs of administering this case while the Supreme Court Appeal and related Belgium Liquidation issues are pending, the Trustee has directed all of his retained professionals to curtail their activities to the minimal work necessary. Nevertheless, the Trustee believes it is important that fee applications be periodically filed to ensure that professional fees do not unreasonably accumulate while the Belgium issues remain pending.

6. **Funds on hand as of the date of this request (February 13, 2024):**

   The Trustee maintains two accounts for the Howrey LLP chapter 7 estate. As of February 13, 2024, the total funds on hand in those two accounts are as follows:

   > Howrey LLP Debtor, Allan B. Diamond, Ch 7 Trustee –
   > Operating Account, Account No. 54-00004159
   > Balance $451,235.93

   > Howrey LLP Debtor, Allan B. Diamond Ch 7 Trustee –
   > Foreign Receipts, Account No. 54-00004166
   > Balance $337,373.00

7. **Remaining major tasks to be completed:**

   See response to Question No. 1, above.

**DIAMOND MCCARTHY LLP**
February 26, 2024
Page 4

\* \* \* \*

In conclusion, the Trustee is doing all that can reasonably be done to bring this case to conclusion as quickly and efficiently as possible, but unfortunately it is not possible to force the Belgian Supreme Court to move the Supreme Court Appeal to resolution faster than they would otherwise. We are ever mindful that the Howrey Case has remained open far longer than anyone anticipated, due to the above-described circumstances concerning the various Belgian litigations. While the Trustee continues to believe that it is in the best interests of Howrey creditors to keep the case open pending resolution of those Belgian litigations, he would welcome a discussion with your office to determine whether there is a more desirable alternative that would also ensure whatever funds are ultimately realized once the Belgian litigations are resolved can be distributed to Howrey's creditors. Please contact the undersigned if you would like to schedule such a discussion, or if you would like to discuss any other aspect of the Howrey Case with the Trustee.

With kind regards,

Stephen T. Loden

cc: Allan B. Diamond, Chapter 7 Trustee for Howrey LLP