United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VIRGINIA THOMAS, et al.,
Plaintiffs,
v.
HOWREY LLP,
Defendant.

Case No. 11-cv-01729-EMC

**ORDER TO SHOW CAUSE**

The instant case is a putative class action. Plaintiffs – seventeen former employees of the Howrey law firm – sued the firm for violation of the WARN Act, failure to pay wages, breach of contract, and promissory estoppel. No substantive litigation has taken place in this case because Howrey has been in bankruptcy proceedings (since approximately May 2011, about a month after the suit was first filed). Plaintiffs' counsel here have pursued the WARN Act claim on a class basis in the bankruptcy proceeding. The bankruptcy court certified a WARN class (consisting of about 100 people). *See* Docket No. 134 (Mot. at 3-4).

The Trustee in the bankruptcy proceeding has stated that the Howrey estate is insolvent, that the Trustee does not expect to have sufficient cash to make a full distribution on priority wage claims, and that there will be no funds available to make any distribution to general unsecured creditors. Thus, there is no outcome where further pursuit of this lawsuit will increase the funds available for former employees. Plaintiffs' counsel agrees with the Trustee's assessment.

In light of the above, there is no need for this case to continue. (To be clear, the *bankruptcy* proceeding will still continue, and, potentially, relief can be obtained by at least some creditors there.) The Court therefore issues this order to show cause. Specifically, the Court

United States District Court
Northern District of California

orders Plaintiffs to show cause as to why this case should not be dismissed **without** prejudice because of the circumstances stated above (*e.g.*, Howrey's insolvency and the ongoing bankruptcy proceedings where relief can potentially be obtained).

The individual Plaintiffs shall file their response to this order to show cause by **September 24, 2026**. Plaintiffs may file their responses directly with the Court or may ask Plaintiffs' counsel to file their responses on their behalf. **Each Plaintiff is forewarned that, if they do not file a response with the Court, then the Court shall deem the nonresponse as a lack of opposition to dismissal of this case.**

The Court orders Plaintiffs' counsel to send a copy of this order to show cause to Plaintiffs via email by **September 3, 2026**. In addition, Plaintiffs' counsel shall send a hard copy of this order to Plaintiffs for whom they have a physical mailing address by **September 3, 2026**. Plaintiffs' counsel must make a reasonably diligent effort to ensure that the email and/or physical mailing addresses are up to date and correct prior to sending the copy of the order to show cause.

Plaintiffs' counsel shall file a declaration certifying service of the order by email and mail as ordered herein by **September 24, 2026**. In the same declaration, Plaintiffs' counsel shall inform the Court whether there are any Plaintiffs for whom counsel did not have either an email or physical mailing address, and whether counsel received any "bounceback" emails or mail returned as undeliverable. Finally, Plaintiffs' counsel shall address what efforts they made to ensure that they had up-to-date and correct email and/or mailing addresses prior to sending the copy of the order to show cause to Plaintiffs. Counsel is expected to use due diligence in pursuing all reasonable means of obtaining the current email or physical addresses of Plaintiffs.

**IT IS SO ORDERED**.

Dated: August 27, 2026

EDWARD M. CHEN
United States District Judge